UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH H.,

                    Plaintiff,

          -v-                          6:21-CV-324

COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

THE DEHAAN LAW FIRM P.C.               JOHN W. DEHANN, ESQ.
Attorneys for Plaintiff
300 Rabro Drive, Suite 101
Hauppauge, NY 11788

SOCIAL SECURITY                        CANDACE BROWN CASEY, ESQ.
   ADMINISTRATION                      Special Ass't U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## <u>ORDER ON MOTION FOR ATTORNEY'S FEES</u>

On March 23, 2021, plaintiff Kenneth H.[1] ("plaintiff") filed this action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act").  Dkt. No. 1.

On July 26, 2022, this Court reversed the Commissioner's final decision and remanded the matter for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g).  Dkt. No. 22; *Kenneth H. v. Comm'r of Soc. Sec.*, 2022 WL 2954364 (N.D.N.Y.).  A judgment in plaintiff's favor was entered later that day.  Dkt. No. 23.  Thereafter, the parties stipulated to an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), which shifts litigation fees to the government-defendant under certain conditions.  Dkt. No. 25.  On remand, plaintiff was awarded Social Security Disability benefits.

On December 26, 2023, plaintiff's attorney moved for a further award of attorney's fees under 42 U.S.C. § 406(b), which authorizes a court to grant a "reasonable" fee in a successful Social Security benefits action.  Dkt. 26.  The

---

[1]  In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

Commissioner has responded.[2]  Dkt. No. 28.  The motion will be considered

on the basis of the submissions without oral argument.

Originally passed in 1965, the effect of § 406(b) is threefold: "it fixes a

maximum percentage for contingent fees of twenty-five percent; it permits

recovery of such fees only out of past due benefits, and it requires court

approval for whatever amount of fees should be paid."  *Fields v. Kijakazi*, 24

F.4th 845, 852 (2d Cir. 2022) (cleaned up).

The "court approval" contemplated by § 406(b) is "reasonableness" review,

which includes consideration of factors such as: (1) whether the percentage is

within the 25% cap; (2) whether there has been fraud or overreaching;

(3) whether the requested amount is a windfall to the claimant's attorney;

(4) the character and results of the representation; (5) the amount of time

spent on the case; (6) whether the attorney is responsible for any delay; and

(7) the normal charge for non-contingent-fee cases.  *BillyJo M. v. Comm'r of*

*Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021) (cleaned up) (collecting

cases); *see also Fields*, 24 F.4th at 854.

Upon review of the submissions in light of the governing law, plaintiffs'

request for a § 406(b) fee will be granted.  Counsel has substantial experience

---

[2]  The Commissioner has no direct financial stake in the outcome.  *Gisbrecht v. Barnhart*, 535
U.S. 789, 798 n.6 (2002) (explaining that Commissioner "plays a part in the fee determination
resembling that of a trustee for the claimants").  But Social Security can be a convoluted area of law,
so the Court thanks the Commissioner for his input.

in this area of law.  He achieved a favorable result for his client after a period of litigation that required a federal court action.  The requested fee does not exceed twenty-five percent of the past-due benefits and there is no indication that it would amount to a "windfall."  To the contrary, as plaintiff's attorney explains, the amount requested is slightly less than the amount of fees that were originally awarded to him under the EAJA.[3]  But plaintiff's attorney did not receive any of that EAJA award because it was seized by the Department of the Treasury to satisfy the plaintiff's unpaid child support obligations.

Therefore, it is

ORDERED that

1.  Plaintiff's motion for attorney's fees is GRANTED;

2.  A fee in the amount of $9,459.65 is AUTHORIZED to be paid from the claimant's past-due benefits; and

3.  Plaintiff's attorneys must surrender to plaintiff any fee he has received under the EAJA.

IT IS SO ORDERED.

Dated:  January 23, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge

---

[3]  Congress has authorized fee awards under both the EAJA (payable by the Government) and under § 406(b) (payable out of a claimant's past-due benefits).  However, when an attorney seeks fees under both provisions, the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee.